IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| PRESIDENTIAL LAKE FIRE AND RESCUE SQUAD, INC. and JAMES C. ANDERSON and ROBERT PALFY and ROBERT STRING and THOMAS MAAHS, JOSEPH R. BRANDER, JR. and Others Similarly Situated,<br><br>    Plaintiffs,<br><br>          v.<br><br>WILLIAM DOHERTY, individually and as Fire Director of Pemberton Township and PEMBERTON TOWNSHIP VOLUNTEER FIRE DEPARTMENT and PEMBERTON TOWNSHIP and/or JOHN DOE 1-10, individually, jointly, and severally,<br><br>    Defendants. | Civil No. 12-cv-05621 (RMB/AMD)<br><br>**OPINION** |

Appearances:

MARK J. MOLZ, Esquire
1400 Route 38 East
P.O. Box 577
Hainesport, New Jersey 08036
    Plaintiffs' Former Attorney

Tracy Riley, Esquire
Law Offices of Riley & Riley
100 High Street, Suite 302
Mount Holly, New Jersey 08060
    Plaintiffs' Attorney

John C. Gillespie, Esquire
Parker McCay, PA
Three Greentree Centre
7001 Lincoln Drive West
P.O. Box 974
Marlton, New Jersey 08053
    Defendants' Attorney

**BUMB, United States District Judge**

This matter comes before the Court upon several motions for attorneys' fees and costs against the former attorney for the plaintiffs, Mark J. Molz, Esq. [Docket Nos. 17, 28 and 38].[1]

Plaintiffs Presidential Lakes Fire and Rescue Squad, Inc., James C. Anderson, Robert Palfy, Robert String, Thomas Maahs ("Plaintiffs") initially filed an Action in Lieu of Prerogative Writ in the Superior Court of New Jersey, Burlington County. Defendants Pemberton Township Volunteer Fire Department and Pemberton Township ("Defendants") removed the action to this Court based upon Plaintiffs' allegations relating to various constitutional violations. Plaintiffs filed a Second Amended Complaint adding Plaintiff Joseph R. Brander, Jr., alleging violations of the Law Against Discrimination and the Americans With Disabilities Act.

---

[1] Two prior motions, Docket Nos. 17 and 28, were previously administratively terminated pending the conclusion of this case. It is not clear what the status of this case is, although it appears the case has been resolved. See infra.

2

On November 9, 2012, Defendants moved to dismiss the Second Amended Complaint. The Amended Complaint was confusing; Plaintiffs' allegations were unclear. In moving to dismiss the Complaint in its entirety, Defendants sought the dismissal of Plaintiffs' claims as they understood them.[2] Specifically, Defendants moved to dismiss: (1) Plaintiffs' state tort claims for failure to comply with the New Jersey Tort Claims Act; (2) the Pemberton Township Volunteer Fire Department because it was not a "person" amenable to suit under 42 U.S.C. § 1983; (3) the punitive damage claims against the Township of Pemberton; (4) the procedural due process claim because Plaintiffs were volunteers and had no protectable interest as a matter of law; and (5) Plaintiff Brander's claim because it failed on the merits. Plaintiffs filed a brief in opposition that failed to respond to several of the arguments made by Defendants. [Docket No. 9]. The Court conducted oral argument during which Mr. Molz conceded many of Defendants' arguments. Accordingly, the Court dismissed Plaintiffs' alleged tort claims, substantive due process claims, 42 U.S.C. § 1983 claims against Pemberton Township Volunteer Fire Department, and all requests for

---

[2] Subsequent to the filing of the Motion to Dismiss, the Court implemented its Individual Rules and Procedures to address this type of fact pattern. A pre-motion conference would have fleshed out many of the improper claims, just as the oral argument on the Motion to Dismiss did, and avoided such unnecessary litigation.

3

punitive damages against Pemberton Township and William Doherty (in his official capacity as fire director of Pemberton Township). [Docket No. 16]. Mr. Molz requested the opportunity to amend the Complaint and, in particular, to further examine the procedural due process claim. The Court permitted Plaintiffs to re-plead the Complaint within 60 days. The Court, however, requested Mr. Molz to advise the Court if his schedule opened up so that he could file the pleading earlier than 60 days. [Docket No. 16]. Two weeks later, Defendants moved for attorneys' fees against Mr. Molz under Rule 11 of the Federal Rules of Civil Procedure.[3] [Docket No. 17]. Defendants also moved for attorneys' fees and costs against the individual Plaintiffs under 42 U.S.C. § 1988. This latter motion has apparently been withdrawn.

First Motion for Rule 11 Fees [Docket No. 17].

Defendants seek a sanction against Plaintiffs' former counsel in the form of attorneys' fees amounting to $26,944.37.[4] Defendants contend that because Plaintiffs' counsel brought a multi-count Complaint "based on allegations that [were]

---

[3] The Court administratively terminated the motion pending conclusion of the litigation. [Docket No. 22]. Defendants seek to re-instate this motion now, which the Court denies for the within reasons.

[4] Defendants charged a lower fee to their client, but seek a lodestar fee here.

4

knowingly false and/or procedurally barred," sanctions under Rule 11 are warranted. [Docket No. 17-3].

Federal Rule of Civil Procedure 11 is intended to redress abusive litigation practices, and recognizes that a person signing and submitting a document to the court has a "nondelegable responsibility to the court." Fed. R. Civ. P. 11, advisory committee's note. See generally Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). Under Rule 11(b),

> [b]y presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Should the Court determine, after notice and an opportunity to respond, that an attorney has violated Rule 11(b), it has the authority to impose an "appropriate sanction." Fed. R. Civ. P. 11(c)(1).

In evaluating an attorney's conduct, "a court must apply an objective standard of 'reasonableness under the circumstances.'" In re Cendant Corp. Deriv. Action Litig., 96 F.Supp.2d 403, 405 (D.N.J. 2000) (quoting Ford Motor Co. v. Summit Motor Prods. Inc., 930 F.2d 277, 289 (3d Cir. 1991)). "Thus, this Court must

determine whether a competent attorney who conducted a reasonable investigation into the facts and law pertinent to the case would have determined that the allegations presented against defendants were well grounded in law and fact." Watson v. City of Salem, 934 F. Supp. 643, 663 (D.N.J. 1995). Furthermore, the court assesses reasonableness as of the time the motion was submitted to the court. New Life Homecare, Inc. v. Blue Cross of Ne. Pa., No. 06-2485, 2008 WL 534472, at *2 (M.D. Pa. Feb. 20, 2008). Sanctions may be imposed in the absence of subjective bad faith on the part of the attorney, and Rule 11 "does not recognize a 'pure heart and empty head' defense." In re Cendant Corp., 96 F. Supp. 2d at 405 (citations omitted).

Finally, "[a]lthough a subjective test is not used in deciding initially whether sanctions should be imposed, it may be relevant in determining the form and amount of punishment or compensation . . . . [I]n considering the nature and severity of the sanctions to be imposed, the court should take account of the state of the attorney's . . . actual or presumed knowledge when the pleading . . . was signed." Lieb v. Topstone Industries, Inc., 788 F.2d 151, 158 (3d Cir. 1986).

The Court finds that sanctions in the form of attorneys' fees and costs are not warranted. First, although the Second Amended Complaint was poorly drafted and contained a hodgepodge

of allegations, to say the least, Mr. Molz candidly conceded that such claims, as understood by Defendants in their Motion to Dismiss, were barred and should be dismissed from the case.  It is unfortunate that Defendants were forced to file a Motion to Dismiss to seek the dismissal of claims that both sides agreed were clearly barred as a matter of law, but this Court cannot find that Mr. Molz's conduct warrants the imposition of fees. When pressed by the Court, Mr. Molz conceded that such claims were barred.  Defendants maintain that these dismissed claims should not have been alleged in the first instant.  That is true.  But it is a sad reality that over and over again this Court is presented with pleadings that allege claims that are clearly barred by law, such as the type of claims here, e.g., official capacity/damage claims, punitive damages against a municipality. The Court routinely grants motions to dismiss these claims with hardly ever an accompanying motion for Rule 11 sanctions.  Here, Mr. Molz did not press these claims, and this factors into the Court's analysis.  Mr. Molz, however, is hereby admonished that such claims shall not be included in future filings.

As for the remaining claims that were dismissed without prejudice, Mr. Molz asked for, and was given, the opportunity to re-plead the claims.  He advised the Court and requested the

time and opportunity to consider the opposing arguments made by Defendants.

Finally, Defendants contend that all of Plaintiffs' allegations were "patently false," including that one or more Plaintiffs were disciplined without the right to discovery or counsel; that the hearing(s) was(were) constitutionally inadequate; that one or more of the Plaintiffs were denied a hearing; and Doherty's reasons for discipline were pretextual. Defendants attached exhibits to their motion to dismiss, asking this Court to determine from these exhibits that even assuming the existence of a property right, Plaintiffs were afforded adequate constitutional protections contrary to the Complaint's allegations.

There has been no adjudication of the merits, and it would be virtually impossible for this Court, on the record before it, and without any discovery, to resolve the matter as to each Plaintiff. For example, although Defendants contend that Plaintiffs were afforded hearings, Plaintiffs contend the hearings were inadequate, and even though they had counsel, counsel was deprived of the opportunity to be fully prepared, and so on.

The Court declines to prolong this matter further, as to do so would certainly require extensive fact finding. In his last filing with the Court, Mr. Molz, even though he is no longer

counsel, reiterates his good faith belief in Plaintiffs' allegations - in particular, relating to their due process claim. He even goes so far as to assert that because of this lawsuit Defendants revised their rules and regulations. In short, this Court cannot find, on the record before it, that the Second Amended Complaint was so blatantly false or frivolous, as Defendants contend, to warrant the imposition of attorneys' fees. Although the Complaint was far from a model of clarity, Rule 11 is designed to deter baseless filings, not necessarily hard-to-understand filings. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). The Court declines to impose Rule 11 sanctions on this ground on the record before it. The First Motion for Attorneys' Fees is therefore denied.

Second Motion for Attorneys' Fees Under Rule 11

On April 22, 2013, Defendants filed a second motion for attorneys' fees.[5] Defendants claim that Mr. Molz acted in bad faith by not advising this Court that he no longer had a five-week trial that would prevent him from filing his Third Amended Complaint before the 60 days the Court had given Plaintiffs. As set forth above, in its February 6, 2013, Order, the Court had given Plaintiffs 60 days to file an amended complaint, but requested that "[t]o the extent Plaintiffs' counsel can file his

---

[5] Defendants seek Rule 11 fees and costs against attorney Molz only.

motion to amend earlier than the above date, he shall advise the
Court so that a new date may be set." [Docket No. 16, at 1].
Instead of filing an amended complaint on the sixtieth day, Mr.
Molz submitted a letter requesting a settlement conference.[6]

Defendants have taken great efforts to demonstrate to this
Court that the trial commitment, of which Mr. Molz had spoken to
the Court during oral argument, actually concluded a week later,
on February 13, 2013, when his client was severed from the
trial. See Docket No. 26. These efforts included contacting
the criminal court, making an OPRA request, reviewing the state
court's website, and even travelling to the state court to
review and copy the urging.[7] Defendants' counsel even sent
correspondence to Mr. Molz pressing him to file an amended
complaint earlier. Although Mr. Molz has not explained why he

---

[6] Defendants argue that this case is closed. However, the request for a settlement conference served to put a hold on the time to file an amended complaint. See Court's Order [Docket No. 25]("In the event that this matter does not settle, I will address the time by which an amended complaint should be filed."). This case remains on the Court's active docket.

[7] The time and expense incurred by Defendants appear to have "needlessly increas[ed]" the costs of litigation, conduct Rule 11 is intended to redress. A brief letter to the Court by Defendants advising the Court of their belief that Mr. Molz's trial obligation had ended would have been sufficient for the Court to address the matter with counsel with much less judicial resources.

did not advise the Court upon the change in his schedule,[8] the Court declines to expend further judicial resources to investigate whether Mr. Molz was in a position to file the Amended Complaint much earlier as the Court had requested. Although it is evident that the burdensome criminal trial counsel had anticipated never came to fruition, it is not this Court's function, nor its desire, to further explore whether or not Mr. Molz, a solo practitioner, was then in a suitable position to file an amended pleading. Perhaps other duties, unexpected ones, demanded of a solo practitioner interfered. The Court does not find an abuse of the judicial process and, therefore, denies the motion for attorneys' fees on this ground.

Defendants also seek fees in the amount of $400 for having to attend a settlement conference that Mr. Molz requested, but failed to attend. [Docket No. 33]. It is not entirely clear why Mr. Molz failed to attend, although it appears it was because he inadvertently failed to calendar it. [Docket No. 33, pages 3-4]. ("Judge Donio's Chambers reached out to Plaintiffs' counsel to ascertain his whereabouts. He was in his office. He stated that this settlement conference . . . was not on his calendar.") There is no evidence that Mr. Molz had a pattern of failing to appear for court proceedings. Nor is there any

---

[8] The Court had administratively terminated this motion before a response was required.

evidence that his failure to appear was the result of inexcusable neglect. It does appear, however, that the conference, at which Mr. Molz appeared telephonically, was productive. At the Court-ordered settlement conference, Judge Donio <u>sua sponte</u> raised the issue that there may be a conflict of interest - - that, in light of the various Rule 11 motions pending against him, Mr. Molz may have a conflict of interest in continuing to represent his clients. Mr. Molz ultimately determined that he could no longer represent Plaintiffs. New counsel for Plaintiffs, Tracy Riley, Esq., entered her appearance. [Docket No. 36].

Mr. Molz sent a letter to Judge Donio dated May 14, 2013, in which he advised that the "conflict arises from the fact that the Defendants are seeking attorneys' fees from [him] individually and also from the clients under a variety of theories. My client's (sic) deserve to have disinterested counsel represent them and I have sent them a copy of this letter so that those arrangements can be made." [Docket No. 38-3, Ex. F]. Counsel appeared to have copied "Presidential Lakes Fire & Rescue" on the letter.

Defendants were not content with Mr. Molz' letter and immediately submitted a letter to Judge Donio challenging Mr. Molz's opinion that he should disqualify himself. Defendants press their challenge here as well. This Court, however, will

not secondguess a lawyer's decision that he cannot effectively and zealously represent his client, nor should Defendants. The Court denies the motion for attorneys' fees on this ground.

Third Motion for Attorneys' Fees

Defendants filed yet a Third Motion for Attorneys' Fees [Docket No. 38]. In addition to seeking a ruling in its prior Motions for fees, supra, Defendants seek the imposition of attorneys' fees because Mr. Molz was less than candid not just to this Court, but to his clients. With respect to his lack of candor to the Court, Defendants assert that Mr. Molz falsely informed Judge Donio at the settlement conference that (a) he had his clients' permission to settle the motions for attorneys' fees and (b) he advised his clients that he had a conflict of interest in continuing to represent them.[9] With respect to his lack of candor to his clients, Defendants assert that he failed to advise (a) his clients of the pending motions for attorneys' fees, (b) some of his clients about the conflict of interest issue, and (c) all of his clients that the Complaint had been dismissed. To support their Motion, Defendants have again gone to great lengths and submitted sworn certifications of the individual Plaintiffs.

---

[9] The Court does not have a transcript of the proceeding before Judge Donio and, thus, relies upon Defendants' representations as to what was communicated to the Court.

Rule 3.3(a)(1) of the Rules of Professional Conduct ("RPC") provides that "A lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal." Rule 1.4 of the RPC provides that:

> (b) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
>
> (c) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

The Court first turns to Defendants' argument that Plaintiffs were not aware that the "lawsuit" had been dismissed. If what the Plaintiffs believe now - - which is not clear from their certifications - - is that the entire Complaint was dismissed with prejudice, such belief is ill-grounded.[10] This case remains on the Court's active docket, and the Court has never resolved the deadline for filing the Third Amended Complaint. As to the Plaintiffs' "impression" that Mr. Molz had filed an amended complaint and that he was trying to settle the matter, it is also not clear how they formed that impression. Presumably, it is because Mr. Molz had represented that he was

---

[10] As mentioned, the status of this case is not at all clear to the Court. Although it appears that the case has been resolved between all Plaintiffs, [Docket No. 38-1, page 5], no stipulations of dismissal have been filed. The parties will be directed to update the Court as to the status of this litigation.

in the process of filing an amended complaint. A settlement conference was also held. The problem presented by these certifications, however, is that Mr. Molz did <u>not</u> have authority to resolve the pending motions for attorneys' fees, as no Plaintiff was ever made aware of such motions. Thus, Mr. Molz' statement to the Court that he had the authority to settle the motions was improper. RPC 3.3(a)(1) demands candor to the Court. Another problem is that it appears Mr. Molz did not keep his clients informed as to the status of this litigation as they were not made aware of the pending motions for attorneys' fees and costs. RPC 1.4 requires an attorney to keep his client reasonably informed.

    The question is what sanction is appropriate for this misconduct. The Court has spent considerable resources in addressing these papers. There is clearly an adversarial, perhaps inimical, relationship between counsel. This Court has never had a case where a motion for Rule 11 sanctions followed almost each pleading, letter or representation to the Court by an adversary. It is unfortunate. In its final analysis, however, the Court finds that Rule 11 monetary sanctions are not warranted. To this Court's knowledge, there have been no prior instances where Mr. Molz was not candid with the Court or his clients. The Court will, however, by this Opinion admonish Mr.

Molz for his violations, as set forth above.  The Court finds that this admonishment is a sufficient sanction under Rule 11.

An accompanying Order shall issue.

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          United States District Judge

Dated: January 29, 2014